UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LILIAN ALESSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1320 (ABJ) |
| | ) | |
| KENNETH BRAITHWAITE, | ) | |
| Secretary of the Navy, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS TORT CLAIMS, TRANSFER, AND EXTEND TIME

Defendant, United States of America, respectfully asks the Court to dismiss the tort claims in this case and transfer the remaining Title VII claims to the District of Maryland. As explained in the attached memorandum, the tort claims here are barred by the exclusivity of Title VII's remedial scheme and by the Federal Tort Claims Act, and the Title VII claims are more appropriately brought in Maryland, where the alleged actions took place, where the employment records are located, and where Plaintiff would be employed but for the alleged actions. To facilitate the transfer, Defendants also seek an extension of time of 30 days to answer the complaint, in the event the transfer is granted. Undersigned counsel exchanged emails today with counsel for Plaintiff regarding this motion, but counsel for Plaintiff did not indicate a position on this motion by the time of filing.

A memorandum in support of this motion and a proposed order are attached.

Dated: July 21, 2020                  Respectfully submitted,

                                      MICHAEL R. SHERWIN
                                      Acting United States Attorney

                                      DANIEL F. VAN HORN, D.C. Bar #924092
                                      Chief, Civil Division

                                      By:  /s/ Alan Burch
                                      ALAN BURCH, D.C. Bar #470655
                                      Assistant United States Attorney
                                      United States Attorney's Office, Civil Division
                                      555 Fourth St., NW
                                      Washington, DC 20530
                                      (202) 252-2550, alan.burch@usdoj.gov

                                      *Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LILIAN ALESSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 20-1320 (ABJ) |
| | ) |
| KENNETH BRAITHWAITE, | ) |
| Secretary of the Navy, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS TORT CLAIMS, TRANSFER VENUE, AND EXTEND TIME

Defendant, United States of America, respectfully asks the Court to dismiss the tort claims in this case, transfer the remaining claims to the U.S. District Court for the District of Maryland, and extend the time for Defendants to answer the complaint by 30 days in the event the Court grants the transfer.  Counsel for Plaintiff indicated that Plaintiff opposes this motion.

Plaintiff brings claims under both Title VII and tort law for actions allegedly occurring during her employment at the Department of Navy, including sexual harassment, wrongful discharge, and being subjected to false rumors of engaging in an extramarital affair. As explained herein, Title VII provides the exclusive remedy for harms arising from workplace discrimination for government employees, and the Court should dismiss the tort claims for that reason alone.  In addition, the individuals named as Defendants were acting within the scope of their employment at the time of the alleged actions, and therefore the Federal Tort Claims Act ("FTCA") applies and provides that they are to be substituted out as Defendants and replaced by the United States as Defendant for the tort claims.  The tort claims are also subject to dismissal for either of two independent reasons under the FTCA: failure to exhaust administrative remedies and the

statutory exclusion for defamation claims.  The transfer to the District of Maryland is appropriate because Plaintiff worked in Maryland, her employment files are maintained in Maryland, and she would have continued to work in Maryland had the allegedly discriminatory actions not occurred.  In the event the case is transferred, Defendant Kenneth Braithwaite, U.S. Secretary of the Navy,[1] seeks 30 additional days to respond to the complaint, in order to permit an orderly reassignment of the defense of this case to the U.S. Attorney's Office for the District of Maryland.

## BACKGROUND

Unless otherwise noted, the facts here are taken from the Complaint and taken as true for purposes of this motion.  Plaintiff is a tenured professor at the University of Idaho and an expert in national security.  (Compl. ¶¶ 1, 2.)  In June 2018, she was hired by the Navy "to serve as an expert on developing a system to analyze complex data to identify potential national security threats."  Id. ¶ 3.  She alleges that while working for the Navy she was subject to sexual harassment by men at the workplace and that after she complained of the harassment, Defendants Todd Boone and Edward Westfall spread false rumors about her, including that she was having an extramarital affair with an employee of the Department of Homeland Security, Sean Moon, who supported her claims of harassment.  Id. ¶¶ 77, 123, 260, 273.

The Complaint does not suggest that Plaintiff knew any of the persons involved prior to coming to work for the Navy.

Plaintiff brought claims of gender discrimination, retaliation, hostile work environment and wrongful termination to the Navy's EEO Office.  Id. ¶¶ 24-32.

---

[1] Secretary Braithwaite replaces James McPherson as Defendant, pursuant to Rule 25(d) (providing for automatic substitution of public officers by their successors in official capacity claims).

The United States Attorney's Office issued a certification, pursuant to the FTCA, that Defendants Boone and Westfall were acting within the scope of employment at the time of the alleged incidents.  See Exhibit 1 hereto (hereinafter "USAO Scope Certification").

While working at Navy, Plaintiff initially was assigned office space at the National Maritime Intelligence Integration Office ("NMIO"), which is physically located in Suitland, MD. See Declaration of Omari O. Jackson ¶¶ 11-13, 15, attached hereto.  The personnel and EEO files pertinent to Plaintiff and her claim are maintained at the NMIO offices in Maryland.  See id. ¶¶ 2-10.  Plaintiff asked to work at another location, in order to escape the alleged harassment, and this resulted in her assignment to office space within D.C.  See id. ¶¶ 15-16.

## ARGUMENT

### I.   Title VII Exclusivity

Title VII provides the exclusive remedy for claims of workplace discrimination and retaliation.  See generally Brown v. GSA, 425 U.S. 820, 828-29 (1976).  This exclusivity includes both constitutional, statutory and common law claims, and is determined not by the labels attached by plaintiff's pleadings but by the underlying conduct alleged.  See Coulibaly v. Kerry, 213 F. Supp. 3d 93, 131-32 (D.D.C. 2016) (citing Brown); King v. Holder, 941 F. Supp. 2d 83, 92 (D.D.C. 2013) (explaining that Title VII preempts "both [federal] constitutional claims and common law tort claims arising out of the same conduct that forms the basis for a plaintiff's Title VII claim") (emphasis added).  It is clear that her tort claims arise out of the same conduct that forms the basis of her Title VII claims, and therefore, the Court should dismiss Plaintiff's tort claims.

**II.      FTCA Also Bars Plaintiff's Tort Claims.**

**A.      FTCA Applies to Plaintiff's Defamation Claims.**

In light of the USAO Scope Certification, Defendants Boone and Westfall are automatically substituted out as defendants and the United States is substituted as a defendant in their place.  This follows directly from the FTCA:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).  Case law establishes that Plaintiff may challenge the USAO Scope Certification, see, e.g., Kimbro v. Velton, 30 F.3d 1501, 1505-06 (D.C. Cir. 1994), and counsel for Plaintiff has signaled an intention to do so in this case.  Upon a challenge, the USAO Scope Certification is deemed to establish prima facie evidence of the scope determination and Plaintiff would need to come forward with evidence (or an explanation of the need for discovery) to overcome the certification.  See, e.g., Council on Am. Islamic Relations v. Ballenger, 444 F.3d 659, 662 (D.C. Cir. 2006).  As explained below, the allegations in the Complaint foreclose that possibility here.

Scope of employment is a term borrowed from the tort law rule for employer liability for the torts an employee, respondeat superior, and the case law under the FTCA is well established that the Court is to apply the state law definition from the state where the alleged torts occurred. See, e.g., Wuterich v. Murtha, 562 F.3d 375, 383 (D.C. Cir. 2009).  The actions here were alleged to have occurred in D.C., Compl. ¶ 23, and so D.C. law determines "scope of employment."  The law of respondeat superior in D.C. relies on the Restatement (Second) of

Agency (1958) ("Restatement").  See, e.g.,Ballenger, 444 F.3d at 663 (citing Moseley v. 2d New

St. Paul Baptist Church, 534 A.2d 346, 348 n. 4 (D.C.1987)).  The Restatement provides:

> Conduct of a servant is within the scope of employment if, but only if:
> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and space limits;
> (c) it is actuated, at least in part, by a purpose to serve the master, and
> (d) if force is intentionally used by the servant against another, the use of force is
> not unexpectable by the master.

Restatement (Second) of Agency § 228(1).  It is clear that the fourth factor does not apply here,

as the allegations in the Complaint do not involve the use of force.

Further, it appears from the Complaint description of the events, including the alleged

defamatory statements, Compl. ¶ 109, that all events occurred in the workplace during authorized

work time.[2]

That leaves the first and third factors.  The D.C. courts take a very expansive view of

what falls within the scope of employment, reflecting a long trend of expanding the scope of

vicarious liability that employers face for the torts committed by their employees.  The breadth

of these factors is seen in the fact patterns in the case law, many of which involve conduct that is

more extreme that what is alleged here.  In analyzing the first factor, it is important not to focus

too closely on the specifics of the alleged conduct but instead to assess the more general "kind"

of conduct alleged.  As explained by the D.C. Circuit in a case where plaintiff alleged

defamation:

> CAIR [plaintiff] maintains that [defendant] Ballenger's allegedly defamatory
> statement itself was not conduct of the kind he is employed to perform.  This
> argument rests on a misunderstanding of D.C. scope-of-employment law (not to
> mention the plain text of the Westfall Act), which directs courts to look beyond
> alleged intentional torts themselves.  The proper test has two disjunctive parts: "To
> qualify as conduct of the kind he was employed to perform, the [defendant's]

---

[2]      Although not directly part of the analysis performed by the D.C. courts, the outcome of
this second factor is a powerful predictor of the scope of employment determination all by itself,
particularly in cases not involving the use of force.

> actions must have either been 'of the <u>same general nature</u> as that authorized' or '<u>incidental to the conduct authorized</u>.'"  <u>Haddon</u>, 68 F.3d at 1424 (quoting Restatement § 229) (emphasis added).  CAIR's argument ignores the latter half of the test.  If we accepted its position, numerous D.C. agency-law decisions would make no sense.  <u>See, e.g.</u>, <u>Johnson v. Weinberg</u>, 434 A.2d 404, 409 (D.C. 1981) ("<u>Johnson</u>") (holding that a reasonable juror could find that a laundromat employee acted within scope of employment when he shot a customer during a dispute over missing shirts); <u>Lyon v. Carey</u>, 533 F.2d 649, 652 (D.C. Cir. 1976) (holding that jury reasonably found that a mattress deliveryman acted within scope of employment when he assaulted and raped a customer following a delivery-related dispute); <u>see also</u> <u>Brown v. Argenbright Sec., Inc.</u>, 782 A.2d 752, 758 (D.C. 2001) (rejecting as "too broad" a rule that sexual assaults are categorically outside the scope of employment).

<u>Ballenger</u>, 444 F.3d at 664 (emphasis added).  In <u>Ballenger</u>, the D.C. Circuit found that "speaking to the press during work hours" fell clearly within the first factor, <u>id.</u>, and it did so without assessing the allegation that what he said may have been false.  <u>See also</u> <u>Jacobs v. Vrobel</u>, 724 F.3d 217, 221 (D.C. Cir. 2013) ("In determining whether Vrobel's conduct satisfies this prong, District law requires that we focus on the type of act Vrobel took that allegedly gave rise to the tort, not the wrongful character of that act.") (citing <u>Ballenger</u>).  Indeed, the Circuit's characterization of the conduct in <u>Ballenger</u> was quite general—"speaking to the press." Applying that same level of generality here indicates that the Court should find that speaking to one's colleagues about another colleague is squarely within the "kind" of conduct an agency employee is employed to perform or incidental thereto within the reasoning of <u>Ballenger</u>.  The other defamation cases are similar, <u>e.g.</u>, <u>Murtha</u>, 562 F.3d at 284-85.  Accordingly, the first factor strongly favors the finding of the conduct being with the scope of employment.

Under the third factor, the case law sets a high standard for Plaintiff, that the conduct must be "actuated" in no way by any purpose to serve the employer, but must instead be done for reasons that are purely personal, that is not work-related.  <u>See, e.g.</u>, <u>Jacobs</u>, 724 F.3d at 222. Here again the fact patterns are illuminating.  <u>E.g.</u>, <u>Schecter v. Merchants Home Delivery, Inc.</u>, 892 A.2d 415, 428 (D.C. 2006) (deliverymen stealing belongings from home where they

delivered washing machine were acting within the scope of employment); Hechinger Co. v. Johnson, 761 A.2d 15, 24 (D.C. 2000) (cashier assaulting customer); Johnson, 518 A.2d at 992 (employee shooting customer).  As explained by the D.C. Circuit in Jacobs, "the test 'is broad enough to embrace any intentional tort arising out of a dispute that was originally undertaken on the employer's behalf.'"  724 F.3d at 222 (quoting Johnson).

As applied here, the Complaint suggests that Boone and Westfall believed, albeit falsely, that the affair alleged would violate work rules.  Compl. ¶¶ 261 ("If it were true, the statements implied that such a relationship would also be a prohibited romantic relationship under Agency guidelines, a factually inaccurate statement."), 274 (same allegation relating to Westfall).  This establishes that their motivation had at least some motivation to serve the employer by enforcing what they believed to be a work rule.  By comparison to the case law, this suffices to weigh the third factor towards the conduct being within scope.

But even apart from that, the Complaint gives no indication of any intent that is unrelated to work, and indeed the story told by the Complaint suggests that Plaintiff had no prior contact with Boone or Westfall before coming to the agency nor any dealings with them outside work after she started at the Navy.  The conclusion is inescapable that the alleged actions grew "out of a dispute that was originally undertaken on the employer's behalf," in the same way that any of the various arguments, assaults, and defamations that occurred in the case law cited herein were similarly at least partially work-related.

There are few cases that found conduct beyond the scope, and they are distinguishable. In Stokes v. Cross, the D.C. Circuit reversed dismissal under the FTCA, faulting the district court for giving conclusive weight to the USAO's scope finding.  327 F.3d 1210, 1215 (D.C. Cir. 2003) ("the court essentially afforded conclusive weight to AUSA Nagle's certification and

apparently gave no thought to the possibility that the certification may have been in error.").  By

contrast, Defendant here recognizes that the USAO Certification establishes only prima facie

evidence of the scope determination.

In Majano, the tort alleged was assault and battery and so the case is immediately

distinguishable because the fourth Restatement factor was applicable, unlike the present case.

Moreover, the court in Majano found that there were two incidents, sufficiently separated to

break the work-related intent that contributed to the first incident.  See 496 F.3d at 140-42.

There is no basis for that conclusion here.  See Jacobs, 724 F.3d at 292-93 (distinguishing

Majano on similar grounds).

Because the Complaint establishes that the conduct alleged fits within the scope of

employment under D.C. law, the FTCA applies, and the individual Defendants are substituted

out of the case, with the United States substituted in as the sole Defendant for the tort claims.

**B.      Failure to Exhaust FTCA Claims.**

The FTCA requires claimants to an administrative tort claim with the agency as

perquisite for being permitted to bring suit in court.  See 28 U.S.C. § 2675; United States v.

Kwai Fun Wong, 575 U.S. 402 (2015); Wilson v. Libby, 535 F.3d 697, 711 (D.C. Cir. 2008).

Exhaustion of administrative remedies is mandatory under the FTCA.  See, e.g., Smith v.

Clinton, 886 F.3d 122, 127 (D.C. Cir. 2018) (per curiam); Wilson, 535 F.3d at 711.   The

Complaint alleges that Plaintiff exhausted administrative remedies with respect to her Title VII

claims, Compl. ¶¶ 24-33, but the Complaint is silent as to the FTCA administrative process.  The

Navy's records indicate that Plaintiff has not filed an administrative tort claim relating to her

allegations here.  See Declaration of Randall D. Russell, attached hereto as Exhibit 2.  For this

reason, her tort claims must be dismissed.  See Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997).

### C.    Defamation Exclusion

Even if her failure to exhaust were not a barrier, defamation claims are excluded from the FTCA's waiver of sovereign immunity, and therefore cannot be brought against the United States.  See 28 U.S.C. § 2680(h) (excluding claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.") (emphasis added).  This provision excludes Plaintiff's defamation claims here.  See, e.g., Ballenger, 444 F.3d at 666, Murtha, 562 F.3d at 380.  Because these torts are not actionable against the United States, they must be dismissed.

## III.    Title VII Claims Belong in District of Maryland.

Employment claims under Title VII are governed by their own venue provision, which permits such claims to be brought:

- in any judicial district in the state where the unlawful employment practice is alleged to have been committed;

- in the judicial district where the employment records relevant to the alleged unlawful practice are maintained and administered;

- in the judicial district where the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(f)(3).

- If the respondent is not found within any of the districts described in prongs (1) through (3), the statute allows the action to be brought in the judicial district where the respondent has its principal office.

42 U.S.C. § 2000e-5(f)(3).  See Johnson v. Deloitte Servs. LLP, 939 F. Supp. 2d 1, 3 (D.D.C. 2013).

Here, all of the Title VII's special venue provisions point to the District of Maryland as the proper venue for Plaintiff's employment claims.  First, her work was performed in Maryland, at the NMIO in Suitland, MD, to the extent she was not teleworking from her home in Idaho or on travel for work.  See Jackson Decl. ¶¶ 11-14.  Second, all of the files pertinent to her employment generally and to her EEO claim in particular are maintained at the NMIO facility in Suitland, MD.  See id. ¶¶ 3-10.  Third, Plaintiff herself explained in her EEO complaint that the reason she sought to move her work location out of the NMIO building was to escape the alleged harassment, see id. ¶¶ 15-16, which establishes that she would have continued to work at the NMIO facility in Suitland, MD, but for the allegedly unlawful harassment.  Finally, because the Navy is "found" within Maryland, the fourth venue provision is inapplicable.  Accordingly, the special venue provisions in Title VII all indicate that Maryland is the proper venue for Plaintiff's employment claims.

In the event the Court grants the transfer to the District of Maryland, defense of this case will be transferred to the U.S. Attorney's Office for the District of Maryland.  In order to facilitate the orderly transition of counsel, Defendants ask the Court to extend the deadline for Defendants to answer the complaint (with respect to the remaining counts) by thirty days from the date the case appears on the electronic docket of the transferee court.

**CONCLUSION**

For these reasons, Defendant asks the Court to substitute the United States as defendant for the tort claims and dismiss those claims from the case, to transfer the remaining claims to the District of Maryland, and to extend the deadline for Defendants' answer to thirty days from the date the case appears on the electronic docket of the transferee court.

Dated: July 21, 2020                     Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:  /s/ *Alan Burch*
ALAN BURCH, D.C. Bar #470655
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2550, alan.burch@usdoj.gov

*Counsel for Defendants*

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LILIAN ALESSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KENNETH BRAITHWAITE, | ) |
| Secretary of the Navy, et al., | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 20-1320 (ABJ)

## [PROPOSED] ORDER ON MOTION TO DISMISS AND TRANSFER

Upon consideration of Defendants' motion to dismiss the tort claims in this case, any opposition thereto, and the entire record herein, it is hereby

ORDERED that the Motion is GRANTED and it is further

ORDERED that Defendants Boone and Westfall are substituted out of the case and replaced by United States and that the tort claims are hereby DISMISSED, and it is further

ORDERED that the remaining claims are TRANSFERRED to the U.S. District Court for the District of Maryland, and it is further

ORDERED that Defendant, Kenneth Braithwaite, Secretary of the Navy, shall have 30 days from the date this case appears on the electronic docket of the District of Maryland to answer the complaint with respect to the remaining Title VII claims.

So ordered this _____ day of _____ 2020.


_____
AMY BERMAN JACKSON
United States District Judge